UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IRENE HERNANDEZ

                      12-CV-2327 (SJ) (JMA)

           Plaintiff,

          v.

MAUZONE HOME KOSHER PRODUCTS OF
QUEENS, INC., MAUZONE OF WOODSIDE     ORDER ADOPTING
LLC, MAUZONE FOOD SERVICES, INC.         REPORT AND
(d/b/a MAUZONE KOSHER PRODUCTS),        RECOMMENDATION
DAVID ITZKOWITZ, and MORTON STRAUSS,

           Defendants.

------------------------------------------------------------X

A P P E A R A N C E S

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street
Suite 2020
New York, NY 10165
Brooklyn, New York 11201
By:    Michael Faillace
       Joshua Androphy
*Attorneys for Plaintiff*

THE SCHER LAW FIRM, LLP
20 Vesey Street
One Old Country Road
Suite 385
Carle Place, NY 11514
By:    Austin R. Graff
*Attorney for Defendants*

JOHNSON, Senior District Judge,

On September 24, 2012, Defendants Mauzone Home Kosher Products of Queens, Inc. ("Home Kosher"), Mauzone of Woodside, LLC ("Woodside"), Mauzone Food Services, Inc. d/b/a Mazone Kosher Products ("Mauzone Kosher Products"), David Itzkowitz ("Itzkowitz") and Morton Strauss ("Strauss") (collectively, the "Defendants") moved to dismiss the Amended Complaint pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). By order dated January 3, 2013, this Court referred the Motion to Magistrate Joan M. Azrack for a Report and Recommendation (the "Report"). On April 5, 2013, Magistrate Azrack issued the Report in which she recommends that the Court: (1) deny the Motion pursuant to Rule 12(b)(5); and (2) sua sponte dismiss without prejudice plaintiff's age discrimination claims under the New York State Executive Law § 290 et seq. ("New York Human Rights Law" or "NYHRL") and the Administrative Code of the City of New York, §8-107 et seq. ("New York City Human Rights Law" or "NYCHRL").

Objections to the Report were due within fourteen (14) days or by no later than April 19, 2013. The Report indicated that a failure to file objections within the specified time waives the right to review. Plaintiff was the only party to file a timely objection to the Report on April 19, 2013 ("Plaintiff's Objection").

In her objection, Plaintiff argues that the Report wrongfully dismissed her age discrimination claims for lack of subject matter jurisdiction. The Court has reviewed

de novo the portions of the Report to which Plaintiff objects. For the reasons stated below, the Report is adopted in its entirety.

## DISCUSSION

I.  Applicable Law

   a. Standard of Review

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. If either party objects to the magistrate judge's recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See id.; see also United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994). A de novo determination entails an independent review of all objections and responses to the magistrate's findings and recommendations. See, e.g., Tortora, 30 F.3d at 337–38; cf. Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir. 1992).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474

U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

      b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over pendent state law claims that "form part of the same case or controversy" as federal claims that are sufficient to confer subject matter jurisdiction. See 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). "A state law claim forms part of the same controversy if it and the federal claim derive from a common nucleus of operative fact." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004) (citations and internal quotations marks omitted). Traditionally, "[i]n determining whether two disputes arise from a common nucleus of operative fact[,]" the Second Circuit has asked "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000)) (internal quotation marks omitted).

II.     Application

The Court agrees with the Report and concludes that dismissal of the Plaintiff's age discrimination claims under NYHRL and NYCHRL is warranted. Although Plaintiff argues that both her federal wage and hour claims and her city and state discrimination claims will rely on the same set of facts, specifically the number of hours Plaintiff worked for Defendants, the facts do not "substantially" overlap to require the Court to exercise its supplemental jurisdiction.[1] It is true that the facts alleged regarding a reduction of Plaintiff's hours in comparison to younger employees may support her age discrimination claim. However, these facts alone will not support an age discrimination claim under the NYHRL or NYCHRL, particularly one that appears to allege a hostile work environment claim. See Am. Compl. ¶ 62. As such, Plaintiff's state and city age discrimination claims must be dismissed for lack of subject matter jurisdiction.

Plaintiff's remaining arguments are without merit.

## CONCLUSION

For the foregoing reasons, Judge Azrack's Report is adopted in its entirety. Accordingly, Defendants' Rule 12(b)(5) motion to dismiss is denied and Plaintiff's

---

[1] It should be noted that the Court has exercised supplemental jurisdiction over Plaintiff's claims under New York's Labor Law, which clearly derive from a common nucleus of operative fact as its federal claims under the FLSA.

state and city age discrimination claims are dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

DATED:  September 30, 2013 _____s/_____
           Brooklyn, New York Sterling Johnson, Jr, U.S.D.J.